IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARVIN FRANKLIN-EL, #205016,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| )  | CASE NO. 2:14-CV-170-MEF |
| ) | [WO] |
| ) | |
| TIFFANY B. McCORD,  ) | |
| ) | |
| Defendant.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Marvin Franklin-El ("Franklin-El"), a state inmate, in which he appears to challenge actions of the Circuit Clerk for Montgomery County, Alabama with respect to an alleged attempt to change his name, nationality and citizenship unilaterally. Franklin-El did not submit the $350.00 filing fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. *Application to Proceed Without Prepayment of Fees - Doc. No. 3*. In support of this request, Franklin-El provided financial information necessary to determine the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Franklin-El and pursuant to the mandatory provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined

that Franklin-El owed an initial partial filing fee of $11.43. *March 28, 2014 Order - Doc. No. 5* at 1-2. The court therefore ordered Franklin-El to pay the initial partial filing fee on or before April 17, 2014. *Id*. at 2. In addition, this order specifically informed Franklin-El "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original). The order also "advised [Franklin-El] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned Franklin-El that failure to pay the fee within the time allowed by the court would result in a Recommendation "that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Franklin-El filed various motions seeking reconsideration of the order requiring payment of an initial partial filing fee. These motions were denied by the court. In light of these motions, however, the court granted Franklin-El extensions of time until June 12, 2014, to pay the initial partial filing fee. Franklin-El has failed to pay the initial partial filing fee within the time allowed by this court. The court therefore concludes that this case is due to be dismissed. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court

order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court. It is further

ORDERED that on or before July 15, 2014, the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the

former Fifth Circuit issued prior to September 30, 1981.

DONE, this 1st day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE